# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# JONESBORO DIVISION

JUDY A. MOODY                                                        PLAINTIFF

v.                          No. 3:03CV00182 JLH

COLSON CASTER CORP.                                      DEFENDANT

## OPINION AND ORDER

Judy A. Moody brought this action alleging that Colson Caster Corporation, her former employer, violated the Americans With Disabilities Act and the Family and Medical Leave Act when it discharged her from her position as a stock clerk. Colson Caster Corporation moved for summary judgment, and the Court granted the motion. Colson Caster Corporation now has requested the Court to tax $2,299.90 in costs.

Rule 54(d)(1) of the Federal Rules of Civil Procedure provides that costs "shall be allowed as of course to the prevailing party unless the court otherwise directs[.]" This provision creates a presumption that the prevailing party is entitled to costs. *Greaser v. State of Mo. Dept. of Corrections*, 145 F.3d 979, 985 (8th Cir. 1998). "Despite this presumption, however, the district court has substantial discretion in awarding costs to a prevailing party." *Id*. A district court has discretion to refuse to tax costs in favor of the prevailing party. *Hibbs v. K-Mart Corp.*, 870 F.2d 435, 443 (8th Cir. 1989).

At the commencement of this action, plaintiff filed an affidavit describing her income and assets. According to that affidavit, her income is $1,600 per month. Her primary asset is a trailer, which is where she apparently lives. The record reflects that she was employed by Colson Caster Corporation as a stock clerk before she was discharged. Hence, imposition of costs in this case

would work a significant hardship on her, an individual of modest means who lost her job of many years under circumstances such that she and her attorney contend in good faith resulted in violation of the ADA and the FMLA. Conversely, the financial resources of the defendant in this case vastly exceed the plaintiff's. *See Mulvihill v. Spalding Worldwide Sports, Inc.*, 239 F. Supp. 2d 121, 122 (D. Mass. 2002). "[W]here the antagonists are very unevenly matched in size, resources, and stability, it would be unfortunate to use the possible taxation of costs as a sort of Damocles . . . ." *Boas Box Co. v. Proper Folding Box Corp.*, 55 F.R.D. 79, 81 (E.D.N.Y. 1971).

For these reasons, the Court declines to award costs to the defendant in this case.

IT IS SO ORDERED this   22nd   day of August, 2005.

_____
J. LEON HOLMES
UNITED STATES DISTRICT JUDGE